[No. 8,493.   Department Two.—April 16, 1885.]

A. W. MORGANSTERN, RESPONDENT, v. ALEXANDER THRIFT ET AL., APPELLANTS.

PARTNERS—TENANTS IN COMMON—RIGHT OF POSSESSION—DISSOLUTION.—Partners or tenants in common are equally entitled to the possession of the partnership or common property. This equality of right continues after a dissolution of the partnership.

ID.—MINING PARTNERSHIP—LIEN OF PARTNER.—The lien of a mining partner, provided for by section 2514 of the Civil Code, does not give to either partner a right of possession of the partnership property to the exclusion of the other. The lien may exist in favor of one partner, although the partnership property is in the actual possession of the other.

APPEAL from a judgment of the Superior Court of Calaveras County.

The court found that the defendants Hoff, Foster, and Thrift, being the owners of a certain mining claim, executed a bond for the sale thereof to the defendant Parsons; that subsequently Parsons sold to the plaintiff an undivided interest in the bond, in consideration of which the plaintiff agreed to furnish the necessary machinery and tools for working the claim; that in pursuance of this agreement, the plaintiff purchased the necessary machinery, and made other advances towards working the mining claim; that the mining undertaking not proving advantageous, Parsons abandoned the claim, and turned over the machinery and mining tools to the plaintiff; that afterwards the defendants, Parsons and Thrift, forcibly ejected the plaintiff from the claim, and took possession of the property. The pres-

LXVI. CAL.—37.

tion was brought to recover the reasonable value of the personal property so taken possession of by the defendants.

*Langhorne & Miller*, for Appellants.

The cause of action disclosed by the complaint is for goods sold and delivered ; that disclosed by the findings is replevin. Plaintiff's theory is that he is entitled to waive the tort, and sue in assumpsit. But this is true only when there has been an actual conversion. (*Fratt* v. *Clark*, 12 Cal. 90 ; *Roberts* v. *Evans*, 43 Cal. 382; *Boyer* v. *Ballard*, 16 Rep. 246; *Jones* v. *Hoar*, 5 Pick. 285 ; *Willet* v. *Willet*, 3 Watts, 277 ; *Morrison* v. *Morrison*, 2 Ill. 317 ; *McKnight* v. *Dunlop*, 4 Barb. 43.) Defendant Parsons was a copartner with plaintiff; hence, plaintiff could not sue at law, either for a conversion or in replevin.

*Ira H. Reed*, for Respondent.

THORNTON, J.—The findings I, II, III, and IV show that defendant Parsons was either a partner with the plaintiff in working the mine, and therefore owning an interest in the property sued for, or a tenant in common with plaintiff in such property. In either case, Parsons was as much entitled to the property sued for as the plaintiff. How, under these circumstances, there can be any contract of sale implied by law, we are unable. to see. No facts are found from which a sale can be inferred or implied.

No conversion of the property is found. The only fact found is, that Parsons and Thrift took possession of the property, which Parsons had a right to do, as he was as much entitled to the possession as the plaintiff. Plaintiff's rights are not enlarged, because Parsons had Thrift with him and aiding him when he took possession.

The lien of a partner, mentioned in section 2514 Civil Code, does not give to either partner a right of possession to the partnership property, to the exclusion of the other from such possession. The lien has no connection with the possession. It exists independent of possession. If one partner is in actual possession of the property of the partnership, claiming to hold it against the other, the lien still exists in favor of the other part-

ner out of possession, in the case specified in the section above cited.

Nor does it make any difference that the partnership has come to an end. One partner is as much entitled to the possession as the other.

In any view we can take of the case, the plaintiff and Parsons are equally entitled to the possession.

As to defendant Thrift, conceding that plaintiff is entitled to the possession of his interest in the property of the partnership as against him, he cannot recover it either of Thrift or Parsons in an action for goods sold and delivered, as this is.

The judgment is reversed, and the cause remanded to the court below, with directions to enter judgment for defendants.

SHARPSTEIN, J., and MYRICK, J., concurred.